UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick R. Harrison, #595325 </br>*aka Peter Lloyd Thomas,* </br>*aka Peter L. Thomas,* </br></br>              Plaintiff, </br></br>vs. </br></br>Ronald Myers, Director, and </br>Alvin Glenn Detention Center, </br></br>              Defendants. | C/A No. 4:11-989-JFA-TER </br></br></br></br></br></br>Report and Recommendation |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff has many complaints about the conditions of his confinement at Alvin S. Glenn (Richland County) Detention Center (Center). He complains about denial of access to court based on allegedly inadequate time he is allowed to use a law library, the lack of copying services for detainees, and the lack of unlimited postage for legal mail. He does not point to any court-set deadline missed or any other negative repercussions from the existing policies. Also, he complains about the Center's policy of not accepting mail sent in 9 x 11 manila envelopes and that newspapers are not provided to detainees by the Center. He also complains about the amount charged for commissary items, claiming they are too high, and alleges that the water in the detention center is not hot enough to properly prepare ramen noodles purchased from the canteen. With regard to the allegedly not hot enough water, Plaintiff alleges that eating improperly cooked ramen noodles *might* lead to sickness

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

and injury to detainees. He does not claim that he has suffered any physical injury from the water as it is now and he does not claim any injury arising from the rejection of mail sent in manila envelopes. Plaintiff seeks injunctive and declaratory relief as well as damages.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Legal Analysis

Initially, Plaintiff's inclusion of "Alvin S. Glenn Detention Center" as a separate Defendant in this case is improper. In order to state a claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No.

---

[2] Plaintiff's Complaint is properly before this Court pursuant to 42 U.S.C. § 1983. He does not reference any other basis for this Court's jurisdiction over his claims and no other proper basis is evident from the face of the Complaint. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). The Alvin S. Glenn Detention Center is a building or a group of buildings. As such, under the applicable law stated above, it is not a proper defendant in this case.

Second, the allegations in the Complaint concerning denial of unlimited stamped envelopes and/or denial of extra postage, lack of free copying for inmates, and of the limited availability of a law library fail to raise any viable constitutional issue of access to the courts because Plaintiff has not alleged an actual injury arising from the conditions of which he complains. It is well established that to state a claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). The complaint must contain specific allegations as to the actual injury sustained. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). The complaint clearly does not provide factual allegations that indicate any hindrance with filing in this Court or in any other court, much less an "actual injury." In fact, Plaintiff has obviously been able to access this Court through the filing of and participating in (not counting this case) four separate civil actions since January 2011: Civil Action Nos. 4:11-367; 4:11-176; 4:11-71; 4:11-21. Thus, Plaintiff's allegations concerning denial of access to the courts fail to state a claim and should be dismissed.

Third, with respect to Plaintiff's allegations that the detention center's canteen prices are too high, no viable § 1983 claim is stated. It is settled that there is no constitutional right to canteen items. *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002); *Robinson v. Ill. State Corr. Ctr.*, 890 F. Supp. 715, 718 (D. Ill. 1995). As a result, even if Plaintiff cannot afford to purchase items from the canteen because of the prices charged, none of his constitutional rights are being violated and there is no basis

4

upon which to grant him the relief sought with regard to the Center's management of its canteen. Moreover, the same is true of Plaintiff's allegations about the center's failure to provide local newspapers to detainees. There is no constitutional right of a detainee to have a newspaper provided by the detention center. *Hall v. Phillips*, No. 04-4131, 2005 WL 3783651, *8 (W.D. Ark. Nov. 22, 2005) (report and recommendation adopted at 2005 WL 3789233 (W.D. Ark. Dec. 14, 2005)). Thus, Plaintiff's allegations fail to state any viable First Amendment access to court or freedom of speech claims cognizable under § 1983.

Finally, Plaintiff's claims about the temperature of the water provided by the Center and about the inability of detainees to receive mail in manila envelopes fail to state any viable constitutional claim because these are not conditions rising to the level of cruel and unusual confinement and/or unconstitutional punishment of detainees. The United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison condition violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees)[3] *only* when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,' and (ii) the prison official creating or in charge of the condition must have a 'sufficiently culpable state of mind,' " *i.e.*, " 'deliberate indifference' to inmate health or safety." *Id*. at 834 (citations omitted). The Court further determined that its standard for "deliberate indifference" would be "subjective recklessness as used in the criminal law." *Id*. at 839-40. "In short, the Court concluded that a prison official may be held liable under the Eighth Amendment for denying humane conditions of

---

[3] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d at 495; *see also Chisolm v. Cannon*, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C., Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case.

confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) (citing *Farmer* at 847); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)(applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pre-trial detainee). Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* at 482; *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987) (courts should not "substitute [their] judgment . . . on difficult and sensitive matters of institutional administration . . . for the determinations of those charged with the formidable task of running a prison.").

Regarding the objective prong of the *Farmer v. Brennan* analysis, it has been held that overcrowding alone is not "sufficiently serious" to establish a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981)(finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment). Also, as noted above, the lack of a law library or other means for obtaining reading material, standing alone, has also been found not to violate a pre-trial detainee's constitutional rights. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987); *Cruz v. Hauck*, 515 F.2d 322, 331-33 (5th Cir. 1975). Furthermore, also as noted above, it is well settled that neither prison inmates nor pre-trial detainees have a constitutional right to receive free, unlimited writing supplies, copying services, or postage. *See Dugar v. Coughlin*, 613 F. Supp. 849, 853 (S.D. N.Y. 1985).

To the extent Plaintiff's allegations can be construed to assert a living conditions claim under the Eighth and/or Fourteenth Amendments, the claim is clearly without merit. His claims regarding hot ramen noodles and manila envelopes, do not contain allegations of any kind of serious or significant injury. *See Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993). Also, Plaintiff alleges no personal conduct on Defendant "Director's" part. Under the doctrine of respondeat superior, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) and Fisher v. Washington Metro Area Transit Authority, 690 F. 2d 1133, 1142-43 (4th Cir. 1982). The employer or supervisor may only be held liable if the plaintiff can show that they had actual knowledge of the specific danger, but were deliberately indifferent to the plaintiff's needs despite their knowledge of this danger, Slakan v. Porter, 737 F. 2d 368 (4th Cir. 1984). As a result, the allegations contained in the Complaint, even very liberally construed, are clearly inadequate to state a viable § 1983. *See* 42 U.S.C. § 1997e (e) (No Federal civil action for compensatory damages may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.). In absence of sufficient allegations to state any viable claim under § 1983 against either Defendant, this case should be summarily dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to

summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

June <u>24</u>, 2011
Florence, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).